UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


NATALIE SWANEY,

        Plaintiff,

v.                                           Case No. 8:10-cv-890-T-24-MAP

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER

      This cause comes before the Court on Plaintiff Natalie Swaney's Motion for Summary

Judgment (Doc. No. 26). The Government has filed a response in opposition (Doc. No. 27). At

issue is a series of penalties that the Internal Revenue Service ("IRS") levied against Swaney

pursuant to 26 U.S.C. § 6701. For the reasons stated herein, Swaney's Motion for Summary

Judgment is denied.

**I.**      **Background**

      The following facts are undisputed:

**A.**      **Swaney's Work at Jackson Hewitt**

      Swaney is a Certified Public Accountant ("CPA") who, for approximately five years

beginning in 2002, worked for two companies owned by Daniel Prewett[1]: JH Accounting, Inc.

and Simple Financial Solutions, Inc., doing business as Jackson Hewitt (collectively, "Jackson

Hewitt"). While working for Prewett, Swaney prepared income tax returns, both for business

_____

    [1] In 2008, Prewett was convicted of four federal counts related to drug distribution and
money laundering. He is currently serving 18 years in prison.

entities and for individuals, and provided bookkeeping services for some clients.

**B.** **Swaney's Interactions with the IRS**

In 2007, the United States sued Prewett, Swaney, and others to enjoin them from acting as federal tax return preparers and from engaging in activity that is subject to a penalty under § 6701 (*i.e.*, aiding or assisting in the preparation of any portion of a tax document, knowing that portion would result in an understatement of tax liability). In May 2009, Swaney consented to the injunction. In September 2009, the IRS assessed $86,000 in penalties against Swaney under § 6701, related to income tax returns that the IRS alleged Swaney prepared between 2003 and 2005. After paying 15% of the penalties, Swaney challenged the assessment by filing a refund claim with the IRS.

On March 23, 2010, the IRS informed Swaney that it had disallowed her refund claim. In its notice of disallowance, the IRS explained that if Swaney did not file suit on or before April 22, 2010, she would have to pay the additional penalties to file suit. Swaney timely filed suit, thereby initiating this action, on April 16, 2010. Meanwhile, Swaney also appealed the IRS's disallowance of her refund claims, and on June 15, 2010, the IRS denied that appeal.

**C.** **The Present Lawsuit**

In this action, Swaney seeks a judgment in the amount of the return preparer penalties assessed and collected from her for the years 2003 through 2005. Additionally, she asserts a denial of due process claim, in which she alleges that she was denied the ability to pursue an administrative appeal and file the instant lawsuit without paying the entire penalty amount. On September 23, 2010, the United States filed its answer and a counterclaim seeking a judgment for the full amount of the penalties against Swaney. (Doc. No. 8).

## II.    Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001) (quotation omitted).

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affirmative evidence, designate specific facts showing there is a genuine issue for trial. *Porter*, 461 F.3d at 1320. In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III.    Discussion

Swaney argues she is entitled to summary judgment for two reasons. First, she contends that penalties under § 6701[2] were inapplicable to her because she never materially advised her

---

[2] Section 6701 provides, in pertinent part:

**Penalties for aiding and abetting understatement of tax liability**

3

clients; instead, if penalties are warranted at all, they must be assessed under § 6694.[3]  Second,

---

> **(a) Imposition of penalty.**  --Any person--
>
> **(1)** who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,
>
> **(2)** who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
>
> **(3)** who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,
>
> shall pay a penalty with respect to each such document in the amount determined under subsection (b).
>
> **(b) Amount of penalty. --**
>
> **(1) In general.**--Except as provided in paragraph (2), the amount of the penalty imposed by subsection (a) shall be $1,000.
>
> **(2) Corporations.**--If the return, affidavit, claim, or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) shall be $10,000.
> . . . .

26 U.S.C. § 6701.

[3]  The version of § 6694 applicable during the relevant time period provides, in pertinent part:

> **Understatement of taxpayer's liability by income tax return preparer**
>
> **(a) Understatements due to unrealistic positions.** --If--
>
> **(1)** any part of any understatement of liability with respect to any return or claim for refund is due to a position for which there was not a realistic possibility of being sustained on its merits,
>
> **(2)** any person who is an income tax return preparer with respect to

she maintains that she is entitled to summary judgment because the United States deprived her of

due process, or in the alternative abused its discretion, by failing to allow her an administrative

appeal.  In the alternative, Swaney argues she is entitled to partial summary judgment on several

of the specific penalties at issue.  The Court will address each of these arguments in turn.

## A.  Is Summary Judgment Warranted Based on the Scope of § 6701?

Swaney argues that summary judgment is appropriate because the United States cannot

produce any evidence that she was a "material advisor" to her Jackson Hewett clients.  Swaney

---

such return or claim knew (or reasonably should have known) of such position, and

**(3)** such position was not disclosed as provided in section 6662(d)(2)(B)(ii) or was frivolous,

such person shall pay a penalty of $250 with respect to such return or claim unless it is shown that there is reasonable cause for the understatement and such person acted in good faith.

**(b) Willful or reckless conduct.**--If any part of any understatement of liability with respect to any return or claim for refund is due--

**(1)** to a willful attempt in any manner to understate the liability for tax by a person who is an income tax return preparer with respect to such return or claim, or

**(2)** to any reckless or intentional disregard of rules or regulations by any such person,

such person shall pay a penalty of $1,000 with respect to such return or claim. With respect to any return or claim, the amount of the penalty payable by any person by reason of this subsection shall be reduced by the amount of the penalty paid by such person by reason of subsection (a).
. . . .

26 U.S.C. § 6694 (1989).

contends that § 6694 is intended to apply to tax preparers, while § 6701 is intended to apply to those who materially advise taxpayers. To apply § 6701 to individuals "who do nothing more than prepare returns," Swaney argues, would render § 6694 completely superfluous, contrary to the basic principles of statutory construction: that, if possible, courts should give effect to every clause and word of a statute, and avoid rendering superfluous any statutory language. Swaney urges the Court to consider the statutory titles, the IRS's internal forms, and the IRS Manual as support for her argument that § 6694 applies to tax return preparers, while § 6701 applies only to those who materially advise taxpayers. The Court rejects these arguments.

To establish that a § 6701 penalty should be imposed against an individual, the government must prove: (1) that person aided in the preparation of any portion of a tax-related document; (2) that person knew, or had reason to believe, that portion would be used in connection with a material matter relevant to the internal revenue laws; and (3) that person knew that portion would result in an understatement of tax liability for another person or entity. 26 U.S.C. § 6701(a). Section 6701 plainly provides for assessment of this penalty against "any person" who committed the proscribed conduct. *Id.*

Section 6694(a), by contrast, penalizes tax return preparers for preparing any return that results in an understatement of liability by virtue of a position for which the preparer knew or reasonably should have known did not have a realistic possibility of being sustained on the merits. 26 U.S.C. § 6694(a) (1989). Section 6694(b) penalizes tax return preparers for preparing a return, of which any part of any understatement of liability is due either to a willful attempt to understate liability, or to any reckless or intentional disregard of the rules or regulations. *Id.* at § 6694(b).

6

Courts must give effect to overlapping statutes in the absence of a "positive repugnancy" between them. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992). There is no such positive repugnancy here.[4] Section 6701 is aimed at different conduct than is § 6694; specifically, § 6701 is not aimed at simply preparing a tax return, but instead, it focuses on aiding, assisting, procuring, or advising "with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document." 26 U.S.C. § 6701(a)(1); *see also Mattingly v. United States*, 924 F.2d 785, 788 (8th Cir. 1991) (noting that before the enactment of § 6701, "there was no civil penalty to punish aiding and abetting conduct" in the internal revenue laws). Moreover, § 6701 is applicable, not only to tax return preparers (to whom § 6694 applies), but to *any person* whose conduct exposes him or her to liability under the statute. 26 U.S.C. § 6701(a). Finally, and perhaps most importantly, Congress acknowledged that certain conduct could violate both §§ 6694 and 6701, because § 6701 specifically disallows assessing a penalty under § 6694 with respect to any document for which a penalty has already been assessed under § 6701. *See* 26 U.S.C. § 6701(f)(2).

The plain language of § 6701 does not require that the person penalized be a "material advisor." Additionally, Swaney has not cited, and the Court has not found, any case in which that requirement was read into that statute, and the Court declines to do so now.

Swaney also argues that she "was nothing more than a data entry person," and therefore, § 6701 penalties do not apply to her. She relies on § 6701(e), which provides, "a person furnishing typing, reproducing, or other mechanical assistance with respect to a document shall

---

[4] Indeed, were such a positive repugnancy to exist, § 6694 (the earlier-enacted statute) would ordinarily be deemed repealed by § 6701 (the later-enacted statute). *See generally Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 501–04 (1936).

not be treated as having aided or assisted in the preparation of such document by reason of such assistance." 26 U.S.C. § 6701(e). The record evidence is sufficient to raise a genuine issue of material fact as to whether Swaney, a CPA, was more than simply a data entry person. For example, Prewett gave deposition testimony in which he described Swaney's characterization of her role at Jackson Hewitt as one of data entry as "a vast understatement" and "not true." He explained that the majority of the time, Swaney sat with her clients, reviewed their financial information, collected data, and produced her own documents and returns. (Doc. No. 27, Ex. 4). Accordingly, Swaney is not entitled to summary judgment on this ground.

**B.      Is Summary Judgment Warranted Based on Lack of Due Process?**

Swaney argues that she was denied the opportunity to administratively appeal the IRS's assessment of the penalties because she was forced to file this suit within 30 days of being notified that her refund claim had been disallowed; Swaney alleges this was a denial of due process. Swaney argues that the Treasury Regulations provide that taxpayers assessed penalties under § 6701 are entitled to a post-assessment administrative appeal. Thus, she submits that the proper course of action would have been to give her an opportunity to administratively appeal the IRS's disallowance of her refund claim, and to have the statutory period for filing the refund suit begin to run only after the disallowance became final.

Ordinarily, full payment of a tax assessment is required before bringing suit in federal court. *See Flora v. United States*, 357 U.S. 63, 72–75 (1958). Section 6703[5] provides an

---

[5]  Section 6703 provides, in pertinent part:

> **(c) Extension of period of collection where person pays 15 percent of penalty. --**

exception to that requirement by allowing an individual who is levied pursuant to §§ 6700 or 6701 to file suit after paying only 15% of that penalty. 26 U.S.C. § 6703(c); *see Dalton v. United States*, 800 F.2d 1316, 1318 (4th Cir. 1986). If the individual seeking a refund fails to initiate a lawsuit within 30 days of receiving notice that his or her claim for a refund has been denied by the IRS, then that individual can proceed to district court only by paying the full amount of the penalty assessed and filing suit within the two-year limitation period. 26 U.S.C. § 6703(c); *see Dalton*, 800 F.2d at 1318–19; *see also Thomas v. United States*, 755 F.2d 728, 729–30 (9th Cir. 1985).

------------------------

> **(1) In general.**--If, within 30 days after the day on which notice and demand of any penalty under section 6700 or 6701 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court. Nothing in this paragraph shall be construed to prohibit any counterclaim for the remainder of such penalty in a proceeding begun as provided in paragraph (2).
>
> **(2) Person must bring suit in district court to determine his liability for penalty.**--If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700 or 6701 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.
> . . . .

26 U.S.C. § 6703(c).

The IRS's notice of disallowance explained that if Swaney did not file suit on or before April 22, 2010, she could not do so without paying additional funds. Even assuming that Swaney had a right to an administrative appeal, there is no evidence on the record demonstrating that she could not have, first, pursued an administrative appeal, and then — having exhausted administrative appeals — filed the instant lawsuit after paying the full penalty amount. Accordingly, summary judgment is denied on this ground.

**C.      Is Partial Summary Judgment Warranted Based on the Penalties Specified in Swaney's Motion?**

Swaney argues that if the Court does not grant her motion for summary judgment based on the arguments discussed above, then the Court should grant partial summary judgment as to a number of the specific returns and the penalties imposed against her. She argues that summary judgment is appropriate because, for each of these returns, there is no evidence that she provided any advice to the taxpayer or did anything more than prepare the return. The Court rejects this argument.

The United States has presented sufficient evidence to raise a genuine issue of material fact as to whether Swaney's § 6701 penalties were justified. For example, the United States has provided affidavit testimony from a former Jackson Hewitt co-worker of Swaney's outlining: (1) Swaney's awareness that receipts were forged or fabricated for purposes of thwarting IRS audits; (2) Swaney's preparation of federal income tax returns that claimed false home office deductions; (3) Swaney's preparation of offshore corporations and bank accounts; and (4) Swaney's advice to clients that they could avoid paying federal income tax if they moved their money offshore and did not report that money as income on their federal tax returns. (Doc. No. 27, Ex. 3).

The United States also provided Prewett's deposition testimony explaining that Swaney's characterization of her role at Jackson Hewitt as one of data entry was "a vast understatement" and "not true." He explained that the majority of the time, Swaney sat with her clients, reviewed their financial information, collected data, and produced her own documents and returns. He explained that Swaney was one of the company's top employees in terms of salary and that she was one of its only full-time CPAs. (Doc. No. 27, Ex. 4).

Viewing the record evidence in the light most favorable to the United States, the Court finds that a genuine issue of material fact exists as to whether Swaney prepared documents knowing that those documents, if used, would understate another person's tax liability.

IV.    **Conclusion**

Accordingly, Swaney's Motion for Summary Judgment (Doc. No. 26) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of December, 2011.


Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

11