UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATALIE SWANEY,

        Plaintiff,

v.                                             Case No. 8:10-cv-890-T-24-MAP

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER

        This cause comes before the Court on Plaintiff Natalie Swaney's Motion in Limine (Doc. No. 52), to which the United States has responded in opposition (Doc. No. 57), and on the United States' Motion in Limine (Doc. No. 53), to which Swaney has not responded.

**I.**      **Background**

        In this action, Swaney seeks a judgment in the amount of the return preparer penalties assessed and collected from her pursuant to 26 U.S.C. § 6701 for the years 2003 through 2005. Additionally, she asserts a denial of due process claim, in which she alleges that she was denied the ability to pursue an administrative appeal and file the instant lawsuit without paying the entire penalty amount. The United States has filed a counterclaim seeking a judgment for the full amount of the penalties against Swaney, plus interest and all statutory additions allowed by law, along with its costs and fees. (Doc. No. 8). Swaney moved for summary judgment (Doc. No. 26), and the Court denied that motion on December 12, 2011 (Doc. No. 33).

**II.**      **Discussion**

To establish that a § 6701 penalty should be imposed against an individual, the government must prove: (1) that person aided in the preparation of any portion of a tax-related document; (2) that person knew, or had reason to believe, that portion would be used in connection with a material matter relevant to the internal revenue laws; and (3) that person knew that portion would result in an understatement of tax liability for another person or entity. *See* 26 U.S.C. § 6701(a). The primary issue to be determined in this case is whether Swaney knew that the tax documents she prepared would result in an understatement of tax liability.

**A.** **Swaney's Motion in Limine**

In her motion, Swaney moves to preclude the following: (1) evidence related to permanent injunctions entered against Swaney and some of her prospective witnesses; (2) evidence related to a Florida Department of Business and Professional Regulation action against Swaney; and (3) evidence related to offshore accounts established by various clients of Swaney's former boss, Daniel Prewett. The Court will address each type of evidence below.

**1.** **Evidence Related to Permanent Injunctions Entered Against Swaney and Prospective Witnesses**

First, Swaney moves the Court to prevent the United States from introducing evidence related to her consent to an injunction that permanently bars her from preparing tax returns for others, and evidence related to similar injunctions entered against some of her prospective witnesses. Swaney contends that the evidence should not be admitted because it would confuse the jury, leading jurors to think that Swaney knew she was understating tax liability, and therefore, that the evidence is more prejudicial to Swaney than it is probative.

The United States has stated that it will not offer evidence of the injunction entered against Swaney for any purpose other than impeachment. (Doc. No. 57 at 2, 13). The Court

agrees that evidence of Swaney's consent to the entry of an injunction against her should be excluded. That Swaney consented to the entry of this injunction is irrelevant to whether she knew that she was preparing documents that understated tax liability, and even if it were relevant, the evidence would be more prejudicial to Swaney than it would be probative. Accordingly, Swaney's motion to exclude this evidence is granted. However, should Swaney testify to anything that contradicts the existence or content of the injunction, the Government will be permitted to use the injunction for impeachment purposes.

The United States argues that evidence of injunctions entered against some of Swaney's prospective witnesses is relevant and admissible, tending to show that those witnesses are biased against the United States and have a motive for testifying untruthfully. The Government indicates that "[t]o impeach these witnesses on cross examination, the United States may elicit the witnesses' admission that they consented to the injunctions and, if necessary, the United States may seek to introduce as exhibits copies of the relevant injunctions." (Doc. No. 57 at 12).

The Court concludes that this evidence is relevant in that it may tend to show that Swaney's witnesses are biased against the United States. Therefore, the Government may use this evidence for impeachment on cross examination. Accordingly, Swaney's motion to exclude this evidence is denied.

### 2. Evidence Related to a Florida Department of Business and Professional Regulation Action Against Swaney

Next, Swaney moves to exclude evidence related to a Florida Department of Business and Professional Regulation action ("Florida Action") against her. Swaney notes there was no finding of wrongdoing in the Florida Action and that it resulted in a settlement. She also argues that the Florida Action has nothing to do with this case, because it concerned an audit done by

Prewett's office, and it had nothing to do with income tax returns or the preparation of income tax returns. To the extent the United States argues the Florida Action reflects on Swaney's character for truthfulness, Swaney contends, the Court may allow the United States to inquire on cross examination, but it should not permit the admission of documents.

The United States responds that this evidence is relevant for the following three reasons. First, it shows that Swaney knew by March 2004 — before 37 of the 38 tax returns at issue were signed — that Prewett was accused of forging her signature on an audit. This, the Government argues, contradicts Swaney's claim that she had no reason to question the accuracy or truth of the information Prewett provided her. Second, the evidence supports the Government's contention that Swaney was a knowing and willing participant with Prewett in a range of fraudulent and illegal activities, not limited to tax avoidance. Specifically, the United States argues, the evidence shows that Swaney and Prewett cooperated in attempts to thwart the Florida Department of Business and Professional Regulation's audit investigation. Third, the Government argues this evidence is relevant to Swaney's credibility.

The fact of the Florida Action and the way in which Prewett and Swaney defended the audit are relevant to what Swaney knew about Prewett's business practices, and by extension, Swaney's state of mind as she prepared the tax returns in question. That evidence is also relevant to Swaney's credibility. However, the Court concludes that the *exhibits* related to the Florida Action are not relevant to Swaney's preparation of the tax returns at issue, so those exhibits (Gov.'s 141 & 173) will be excluded unless Swaney testifies to anything that contradicts the fact of the Florida Action or the way in which the audit was defended. Accordingly,

Swaney's motion to exclude this evidence is granted to the extent that documents related to the Florida Action will be excluded, otherwise, Swaney's motion is denied.

### 3.      Evidence Related to Offshore Accounts

Finally, Swaney moves to exclude evidence related to offshore accounts established by various clients of Prewett.  Swaney argues the only reason for the United States to introduce evidence relating to offshore accounts is to suggest or imply that those accounts are somehow illegal or inappropriate.  She contends there is no evidence the offshore accounts were created to cheat the IRS, there is no evidence that the vast majority of the taxpayers at issue in this case had offshore accounts, and there is no evidence that, for those taxpayers that did have offshore accounts, the accounts were used to save or reduce taxes.  Swaney argues that without evidence that the offshore accounts created fraudulent underpayment of taxes for at least one of the returns in issue, the accounts should be excluded from evidence as unfairly prejudicial.

The United States responds that evidence related to Swaney's offshore banking activities — including evidence related to her removal of client files and documents related to offshore accounts — is relevant and admissible because they speak to whether she believed the offshore transactions were legitimate, as well as to her state of mind.

The Court concludes that Swaney's actions following Prewett's arrest are relevant to Swaney's involvement in and knowledge of Prewett's business.  The evidence is also relevant to Swaney's state of mind.  However, unless the *exhibits* related to the offshore accounts relate to specific returns at issue in this trial, those exhibits are excluded unless Swaney testifies untruthfully and they are needed to impeach Swaney on cross-examination.

Accordingly, Swaney's motion to exclude this evidence is granted to the extent that documents related to the offshore accounts will be excluded, except for purposes of impeachment or if they relate to specific returns at issue; otherwise, Swaney's motion is denied.

**B.**      **The United States' Motion in Limine**

The United States moves the Court to prevent Swaney from introducing evidence concerning the beliefs or opinions of IRS agents as to whether the IRS properly assessed § 6701 penalties against Swaney, including Penalty Approval Forms. It argues that the principal issue for the jury to decide in this case is whether Swaney knew that the tax returns she prepared would result in understatements of tax liability; therefore, evidence concerning what a particular revenue agent thinks about the assessment is irrelevant. The United States emphasizes that because such opinions were formed after Swaney prepared the returns at issue, they could not possibly have shaped or influenced her actual knowledge. It contends that if this evidence were admitted, it would be unfairly prejudicial and likely to confuse the issues. Swaney did not file a response in opposition.

Swaney's knowledge, or lack thereof, is the central inquiry in this case, and what certain IRS agents believed or opined about Swaney's knowledge after the fact is irrelevant. Moreover, the United States' argument that Swaney's state of mind could not have been impacted retroactively by the opinions of her IRS auditors is well-taken. Accordingly, the United States' motion to exclude all such evidence is granted.

**III.**      **Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Swaney's Motion in Limine (Doc. No. 52) is **GRANTED in part** and **DENIED in part** as follows:

- Evidence of Swaney's consent to the entry of an injunction against her is excluded, except that the Government may use the injunction for impeachment purposes should Swaney testify to anything that contradicts the existence or content of the injunction.  Evidence of the entry of an injunction against witnesses who may be called is admissible.

- Exhibits related to the Florida Action (Gov. Exhibit 141 & 173) are excluded.  Evidence of the Florida Action is otherwise admissible.

- Exhibits related to the offshore accounts are excluded unless they relate to the returns at issue in the trial. Otherwise, Swaney's motion as to offshore accounts is denied.                     .

(2)     The United States' Motion in Limine (Doc. No. 53) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of April, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record